IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PRISCILLA E. PRIMM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-cv-2860 |
| ) | |
| STATE OF TENNESSEE DEPARTMENT ) | Chief Judge Sharp |
| OF HUMAN SERVICES et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Priscilla E. Primm, proceeding *pro se*, has filed a civil complaint against Defendants State of Tennessee Department of Human Services ("State"), Rick Coogan and Ronnie Butler. (ECF No. 1.) Additionally, the plaintiff has applied to proceed *in forma pauperis*. (ECF No. 2)

Because it is apparent from the Plaintiff's application that she lacks sufficient resources from which to pay the required filing fee, her application to proceed *in forma pauperis* (ECF No. 2) will be granted.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Begola v. Brown*, 172 F.3d 47 (Table), 1998 WL 894722, at *1 (6th Cir. Dec. 14, 1998) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDaniel*, 454

U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

I.   FACTUAL ALLEGATIONS

In her four-page form "Complaint under Title VII of the Civil Rights Act of 1964," Plaintiff alleges that she was employed by Defendant State and that on or about December 14, 2013, she was discriminated against "after filing [a] workers' comp[ensation] claim against the State of Tennessee in December 2013." (ECF No. 1 at Page ID# 2-3.) Plaintiff alleges that she was "mistreated, harassed, retaliated against and intimidate[ed]" because she filed a workers' compensation claim. (*Id.* at Paged ID# 3.) Additionally, Plaintiff alleges that Defendants actions have caused her "a lot of pain and stress." (*Id.*) Plaintiff received a right to sue notice from the Equal Employment Opportunity Commission ("EEOC") on August 9, 2016. As relief, Plaintiff seeks compensatory and punitive damages. (*Id.* at Page ID#4.)

In addition to her form complaint, Plaintiff submitted a letter in which she alleges that "[t]he Department of Human Services Manager[s] Rick Coogan and Ronnie Butler had violated [her] [r]ights under Title VII American[s] [with] Disabilit[ies] Act." (*Id.* at Page ID# 5.) She alleges that "during the time I was under a lot of pain from my injuries I was harassed and prevented from filing [my] workers compensation claim properly." (*Id.*) She further alleges that Coogan and Butler "intentionally treated me unfairly by requesting additional procedural [sic] both in job requirements and time keeping management." (*Id.*) As a result of Coogan's and Butler's behavior toward Plaintiff, she experienced "stress, lack of sleep, worrying, and pain." (*Id.*) She also experienced headaches and stomach issues and did not want to continue working. (*Id.*) She alleges that "[t]his job was a very hostile environment for me." (*Id.*) Plaintiff's letter

ends with a list of 7 exhibits, comprising approximately 100 pages, which she alleges support her claim(s). These exhibits are attached to Plaintiff's complaint.

## II. STANDARD OF REVIEW

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted

by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). To demand otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). Finally, the Court need not sift through exhibits attached to Plaintiff's complaint in order to determine what, if any, basis exists for Plaintiff's claims against Defendants. *See Jackson v. Lawrence Corr. Ctr. Heatlh Care,* No. 15-cv-00082-JPG, 2015 WL 603853, at *2 (S.D. Ill. Feb. 12, 2015).

### III. DISCUSSION

Reading Plaintiff's complaint liberally, as the Court must, it appears that Plaintiff intends to raise claims under Title VII for hostile work environment and retaliation. Plaintiff may also be attempting to raise a claim under the Americans with Disabilities Act (ADA).

#### A. Hostile Work Environment

4

Plaintiff fails to state a claim under Title VII for hostile work environment. To set forth a claim of hostile work environment, the Plaintiff must allege: (1) that she is a member of a protected class, (2) that she has been subjected to unwelcome harassment, (3) that the harassment was based on membership in the protected class, (4) that the harassment "had the effect of unreasonably interfering with the plaintiff's work performance by creating an intimidating, hostile, or offensive work environment," and (5) that there is some basis for employer liability. *Russell v. University of Toledo,* 537 F.3d 596, 608 (6th Cir. 2008). "Actionable harassment exists if the work place is permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of . . . employment and create an abusive working environment." *Farmer v. Cleveland Public Power*, 295 F.3d 593, 604 (6th Cir. 2002) (internal citation omitted). However, there is no Title VII violation if the conduct at issue "is not severe or pervasive enough to create an *objectively* hostile work environment – an environment that a reasonable person would find hostile or abusive." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (emphasis added).

Plaintiff has not alleged any facts to suggest that she is a member of a protected class, or that the harassment she experienced was due to her membership in a protected class. Moreover, even if Plaintiff had alleged that she was a member of a protected class, she has failed to allege facts sufficient to even suggest that the alleged harassment she experience was so severe or pervasive as to "create an objectively hostile work environment." *Id.* (finding that "[c]onduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview').

B. Retaliation

5

Plaintiff fails to state a claim under Title VII for retaliation. To establish a claim for retaliation under Title VII, a plaintiff must allege that (1) she engaged in activity protected by Title VII; (2) the defendant knew of her exercise of her protected rights; (3) the defendant subsequently took an adverse employment action against the plaintiff or subjected the plaintiff to severe or pervasive retaliatory harassment; and (4) there was a causal connection between the plaintiff's protected activity and the adverse employment action. *See Barrett v. Whirlpool Corp.*, 556 F.3d 502, 516 (6th Cir. 2009) (citations omitted).

Plaintiff fails to allege that she was engaged in any protected activity under Title VII. Filing a workers' compensation claim is not among the activities protected by Title VII. *See E.E.O.C. v. Ohio Edison Co.,* 7 F.3d 541, 543 (6th Cir. 1993) (noting that to establish a valid retaliation claim, an employee must show that an employer discriminated against an employee because she "opposed an unlawful employment practice, or made a charge, or participated in an investigation, proceeding, or hearing related to Title VII."). Moreover, even if filing a workers' compensation claim were protected activity, other than suggesting that the allegedly retaliatory conduct commenced after she filed her workers' compensation claim, Plaintiff fails to allege any facts to suggest a causal connection between the alleged harassment she experienced and her protected activity. *See Spengler v. Worthington Cylinders,* 615 F.3d 481, 494 (6th Cir. 2010) (recognizing that "[c]loseness in time is one indicator of a causal connection, but temporal proximity, standing alone, is not enough to establish a causal connection for a retaliation claim." (internal citations omitted).) Further, as explained above, the facts alleged in Plaintiff's complaint fail to suggest that she experienced severe or pervasive harassment of any kind, let alone harassment intended to retaliate against her for filing a workers' compensation claim.

    C. <u>Violation of the ADA</u>

Plaintiff fails to allege a claim for violation of her rights under the ADA. To state a claim under the ADA, Plaintiff must allege that: (1) she is an individual with a disability; (2) she is "otherwise qualified" to perform the job requirements, with or without reasonable accommodation; and (3) she was either denied a reasonable accommodation for her disability or she suffered an adverse employment action solely because of her disability. *Smith v. Ameritech,* 129 F.3d 857, 866 (6th Cir. 1997). An individual is disabled under the ADA if: (1) she has a physical or mental impairment that substantially limits one or more of her major life activities; (2) she has a record of such impairment; or (3) she is regarded as having such an impairment. 42 U.S.C. § 12102(1). Major life activities include but are not limited to functions such as "caring for oneself, performing manual tasks, seeing ... walking, standing ... learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). However, if an employee's condition does not qualify as a disability under the ADA, "even if he was terminated because of some medical condition, he is not disabled within the meaning of the Act. The ADA is not a general protection for medically afflicted persons.' " *Daugherty v. Sajar Plastics, Inc.,* 544 F.3d 696, 703 (6th Cir. 2008) (citation omitted).

Plaintiff fails to allege that she is disabled within the meaning of the ADA.[1] Even if she had alleged a disability, she fails to allege any facts to suggest that she was denied a reasonable accommodation or suffered an adverse employment action because of her disability.

    D. <u>Individual Defendants</u>

Finally, even if Plaintiff had sufficiently alleged a claim under Title VII, her claim would not be actionable against Coogan and Butler. Title VII "does not create individual liability for

---

[1] Even if Plaintiff intended to allege, as she did in her EEOC complaint, that she was disabled due to carpal tunnel syndrome and a knee injury, she would still fail to state a claim because, while she may be a "medically afflicted person," she has not alleged any facts to suggest that these ailments qualify her as disabled under the ADA. *See Daugherty*, 544 F.3d at 703.

individuals in supervisory positions." *Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003) (citing *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404 (6th Cir. 1997)). Likewise, individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases. *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808, n.1 (6th Cir. 1999); *see also Wathen v. General Electric,* 115 F.3d 400, 404–05 n. 6 (6th Cir. 1997) (holding that an individual supervisor may not be held personally liable under Title VII and noting that the Title VII and ADA liability schemes are similar in this regard). Accordingly, the claims against defendants Coogan and Butler must be dismissed.

## IV. CONCLUSION

Because the complaint does not contain sufficient facts to plausibly allege any claims upon which may be granted, this action will be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order is filed herewith.

       *[signature: Kevin H. Sharp]*

_____
Kevin H. Sharp
Chief United States District Judge